**Ronald R. HENDERSON, Appellant,**

v.

**William Kyle KISSEBERTH and Ekaterina Kisseberth, Appellees**

No. 00–3715.

United States Court of Appeals, Sixth Circuit.

Jan. 15, 2002.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

## SUPPLEMENTAL OPINION

Appellant Ronald R. Henderson has moved for a clarification of our decision filed December 12, 2001. Such a clarification is in order because our decision specifically allocated $6,787.98 of the $9.600.00 in disgorged fees to the Debtors, but did not state who is to receive the remaining $2,813.02.

We agree with the result reached by the bankruptcy court regarding the disposition of these funds. Unlike the $6,787.98 in "transcript funds" that we allocated to the Debtors, there is no reason to conclude that the remaining $2,813.02 is not properly part of the bankruptcy estate under 11 U.S.C. § 541. Following the principles of allocation set forth in 11 U.S.C. § 329, the fees should therefore be returned to the bankruptcy estate.

As the bankruptcy court noted, this is the equitable result because "a large portion of the fees charged by Henderson were not excessive and, in addition, many of the legal services performed by Attorney Henderson actually benefitted the Debtors." It would unjustly enrich the Debtors to allocate to them the remaining fees. Instead, the remaining $2,813.02 in disgorged fees should be returned to the bankruptcy estate. We therefore **REVERSE** the judgment of the district court to the extent that it allocated the $2,813.02 in "non-transcript" disgorged fees to the Debtors.